**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ABELARDO'S MEXICAN FOOD, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>FAMILIA FLORES INC., MENDOZA'S LLC, ANTONIOS JR LLC, JUANITOS JR CORP, JESUS FLORES, LOS FLORES JR. ONE, INC, CARREON BROTHERS, INC., and DOES 1-10<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-1274<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Abelardo's Mexican Food, LLC ("Abelardo's" or "Plaintiff") brings this action against Defendants Familia Flores Inc. ("Familia Flores"), Mendoza's LLC ("Mendoza's"), Juanitos JR Corp ("Juanitos"), Antonios JR LLC ("AJR"), Jesus Flores ("Jesus Flores"), Los Flores Jr. One, Inc ("LFJO"), and Carreon Brothers, Inc. ("Carreon") (collectively, the "Defendants") for unfair competition (under both Missouri law and the Lanham Act), trademark infringement (under both Missouri law and the Lanham Act), trade dress infringement (under both Missouri law and the Lanham Act), and unjust enrichment under Missouri law. These claims arise from Defendants' deliberate replication of Abelardo's branding, trade dress, menu system, and restaurant presentation, as well as using a similar logo and brand mascot, all done through multiple shell entities created during and continuing after terminating a longstanding franchise relationship with Abelardo's. In support of its claims, Abelardo's alleges as follows:

## PARTIES

1.      Abelardo's is a limited liability company organized under the laws of Nebraska and with a principal place of business at 6304 South 23rd Street, Omaha, NE 68107. Doing business as

Abelardo's, Abelardo's provides Mexican-style food and restaurant services in over 50 locations across the Midwest and Great Plains regions. Abelardo's operates eighteen such locations in Missouri, including four within this Eastern District.

2. Defendant Familia Flores is a corporation organized under the laws of Missouri and with a principal place of business at 1046 Old Route 66, St. Robert, MO 65584. Familia Flores has provided restaurant services as Antonio's Mexican Fresh ("Antonio's") at this St. Robert, MO address since early 2024.

3. Defendant Mendoza's is a Missouri limited liability company with a principal place of business at 219 N Florissant Rd, St. Louis, MO 63135-1949. Mendoza's has provided Mexican-style food and restaurant services as "Antonio's Mexican Fresh" at this address in Ferguson, MO, since late 2025.

4. Defendant AJR is an Oklahoma limited liability company with a principal place of business at 4532 NW 46th St., Warr Acres, OK 73122-5302. AJR has provided restaurant services as "Antonio's Mexican Fresh" at 1301 S Meridian Ave, Oklahoma City, OK 73108-1707, since late 2024.

5. Defendant Juanitos is a corporation organized under the laws of Missouri and with a principal place of business at 1807 Gravois Ave, St. Louis, MO 63104-2719. Juanitos has provided restaurant services as "Antonios Mexican Fresh" at this St. Louis, MO, address since late 2025.

6. Defendant LFJO is a corporation organized under the laws of Missouri and with a principal place of business at 1740 Broadway St., Cape Girardeau, MO 63701. LFJO provides, or imminently intend to provide, restaurant services as Antonio's Mexican Fresh ("Antonio's") at this Cape Girardeau, MO address beginning in 2026.

7.     Defendant Carreon is a corporation organized under the laws of Missouri and with a principal place of business at 308 W. Business Loop 70, Columbia, MO 65203. Carreon provides, or imminently intends to provide, restaurant services as Antonio's Mexican Fresh ("Antonio's") at this Columbia, MO address beginning in 2026. (All the foregoing entities referred to collectively as "Defendant Entities.")

8.     Defendant Jesus Flores is a natural person who, on information and belief, currently resides at 1714 Pemiscot St, Cape Girardeau, MO 63701. Jesus Flores is currently the incorporator of Familia Flores, Juanitos, LFJO, and the organizer of Mendoza's and AJR. On information and belief, Jesus Flores directs and controls the activities of Defendants Familia Flores, Mendoza's, Juanitos, AJR, and LFJO, including their policies, procedures, and compliance with intellectual property laws, and knowingly has authorized, directed, ratified, and/or participated in the activities described herein.

9.     On further information and belief, Jesus Flores, acts in a similar capacity for Defendant Carreon and its soon-to-be Antonio's restaurant in Columbia, MO. On information and belief, Jesus Flores has authorized or assisted Defendant Carreon with expanding upon the improper use of Abelardo's Marks and trade dress in opening a planned future location for Antonio's Mexican Fresh in Columbia, MO.

10.    On information and belief, Jesus Flores has gone by numerous other names in the direction and control of his business entities. These names, which are visible on the various business filings detailed in this Complaint, include Jesus Jahir Flores, Jesus J Flores, Jose Jesus Flores, Jose Jesus Flores Puga, Jose de Jesus Flores Puga, and Jose Flores. On information and belief, all of these names refer to the same person, Jesus Flores.

3

11. Alternatively, on information and belief, the names in the preceding paragraph represent multiple individuals in addition to Jesus Flores.

12. Abelardo's asserts claims against Jesus Flores in his individual capacity and in his capacities as an authorized member or shareholder of Familia Flores, Mendoza's, AJR, Juanitos, and LFJO. On information and belief, Defendant Jesus Flores is responsible for the selection of the "Antonio's Mexican Fresh" branding, name, and service offerings.

13. Abelardo's also asserts claims against Jesus Flores in his individual capacity with respect to Defendant Carreon. On information and belief, as founder of the "Antonio's Mexican Fresh" restaurant, Jesus Flores controls and directs the activities of all other Antonio's restaurants through his various business entities. On information and belief, though Defendant Carreon was organized by Victor Manuel Carreon, the entity and its soon-to-be Antonio's restaurant location in Columbia, MO, is similarly under the ultimate direction and control of Jesus Flores.

14. As the controlling member of the Defendant Entities, and on information and belief, Jesus Flores personally participated in designing and selecting trade dress for "Antonio's Mexican Fresh" restaurant that deliberately uses branding elements and proprietary trade dress and trademarks from Abelardo's in an attempt to pass off "Antonio's Mexican Fresh" as "Abelardo's Mexican Fresh" in an effort to trade on and benefit from Abelardo's success and efforts in building up its goodwill over many years.

15. Alternatively, on information and belief, the Defendant Entities follow so few corporate formalities and are so dominated and controlled by Jesus Flores that they are merely alter egos of Jesus Flores. Accordingly, Abelardo's is entitled to pierce the corporate veil of each of the Defendant Entities to hold Jesus Flores personally liable for the unfair competition and infringing activities of the Defendant Entities.

4

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. § 1121. Abelardo's federal claims are predicated on 15 U.S.C. §§ 1114 and 1125(a), and its claims arising under the laws of the State of Missouri are substantially related to and derive from the same facts and similar occurrences, witnesses, and evidence as its federal claims such that the Court may exercise supplemental jurisdiction over Abelardo's state law claims pursuant to 28 U.S.C. § 1367.

17.     This Court has general personal jurisdiction over Defendants Familia Flores, Mendoza's, Juanitos, LFJO, and Carreon because all are "at home" in Missouri. Defendants Familia Flores, Mendoza's, Juanitos, LFJO, and Carreon are organized or incorporated, and maintain their principal places of business in the State of Missouri.

18.     Likewise, Jesus Flores resides in the State of Missouri.

19.     The Court also has specific personal jurisdiction over each of the Defendant Entities and Jesus Flores because they have expressly aimed their tortious activity toward the State of Missouri and have established sufficient minimum contacts with Missouri by, among other things, operating Antonio's Mexican Fresh restaurant locations in the State of Missouri, in St. Robert, Ferguson, St. Louis, Cape Girardeau, and Columbia, Missouri. Further, the Defendant Entities advertise the locations of all of Antonio's Mexican Fresh locations online to residents of the State of Missouri. Abelardo's claims arise out of Defendants' substantial and regular conduct which unlawfully competes and infringes upon Abelardo's trade dress and trademarks, including claims relating to residents of Missouri.

20.     With respect to AJR, based in Oklahoma City, Oklahoma, this location promotes and advertises its restaurant services on the same webpages and social media pages as the Missouri

Defendant Entities. On information and belief, AJR was formed and operates as part of a single, coordinated infringing enterprise directed and controlled by Defendant Jesus Flores from his residence in Cape Girardeau, Missouri. The decision to form AJR, adopt the Antonio's Mexican Fresh branding, and open the Oklahoma City location was made in Missouri, by Missouri residents, as a continuation of the same scheme already underway through the Missouri Defendant Entities. Accordingly, AJR's contacts with Missouri, through its principals' direction and control from Missouri, are sufficient to support the exercise of personal jurisdiction.

21.     Further, AJR's adoption and use of branding, trade dress, and marks confusingly similar to Abelardo's constitutes an intentional tort expressly aimed at harming Abelardo's, which operates eighteen locations in Missouri. AJR knew or should have known, through its principals' direct knowledge of Abelardo's Missouri operations as former franchisees, that the brunt of the injury from its infringing conduct would be felt in Missouri, such that its actions are sufficient to support the exercise of personal jurisdiction.

22.     Moreover, AJR does not maintain separate social media accounts, a separate website, or independent branding. Its Antonio's Mexican Fresh identity is presented to consumers through the same online platforms managed by and on behalf of all Defendant Entities, which on information and belief are administered from Missouri. AJR thus purposefully avails itself of the benefits of the Missouri-based enterprise and its Missouri-directed activities.

23.     Further still, AJR's conduct and affairs are controlled by the Missouri Defendant Jesus Flores, who, on information and belief, makes all material decisions concerning AJR and its Antonio's restaurant. This domination and control are such that Defendant Jesus Flores acts as AJR's alter ego. Because there is no corporate separateness between AJR and Defendant Jesus Flores, the forum contacts of the alter ego entities may be attributed to a non-resident. *See Lakota*

6

*Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634 (8th Cir. 1975); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589 (8th Cir. 2011). Accordingly, Defendants have sufficient minimum contacts with this District such that the exercise of jurisdiction over the Defendants will not offend traditional notions of fair play and substantial justice.

24.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because, on information and belief, a substantial part of the events giving rise to the claims brought forth occurred in this judicial district, and the Defendants are subject to personal jurisdiction in this judicial district. Specifically, Defendants have committed unfair competition, trademark infringement, and passing off in this District at least through their operation and control over Antonio's restaurants in St. Louis, MO, and Ferguson, MO. Further, Jesus Flores also resides in this District, and multiple Defendant Entities are incorporated under the laws of Missouri and maintain principal places of business in the District.

## FACTUAL ALLEGATIONS

### A.     ABELARDO'S HISTORY AND ITS BRANDING

25.     Abelardo's has been providing Mexican-style restaurant and food services under its "Abelardo's Mexican Fresh" brand since 2002.

26.     Beginning with one location in Northwest Omaha, Abelardo's has grown to over 50 locations across seven states in the Midwest and Great Plains, including at least eighteen locations in Missouri operating under the "Abelardo's Mexican Fresh" mark.

27.     Part of the strategy behind Abelardo's expansion was development and adoption of distinctive branding, trademarks and trade dress to differentiate Abelardo's from the many other Mexican-style restaurants throughout the Midwest and Great Plains.

28.    Along with its restaurant locations, Abelardo's also grew its reputation and goodwill, and Abelardo's adopted a number of distinctive branding elements.

29.    For example, Abelardo's has many trademark registrations (collectively, the "Abelardo's Marks"), as detailed below. All the Abelardo's Marks are registered under Class 043 for restaurant and fast-food related services:

| Registration No. | Registered Mark | Goods and Services |
| --- | --- | --- |
| 4575192 | | Class 043: Fast-food restaurants. |
| 7494454 | ABELARDO'S | Class 043: Restaurant services; Restaurant carryout and delivery services; Fast-Food restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Mexican-style restaurant services; Catering services. |
| 7494461 | | Class 043: Restaurant services; Restaurant carryout and delivery services; Fast-Food restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Mexican-style restaurant services; Catering services. |

8

| 7494474 | | Class 043: Restaurant services; Restaurant carryout and delivery services; Fast-Food restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Mexican-style restaurant services; Catering services. |
| 7576071 | | Class 043: Restaurant services; Restaurant carryout and delivery services; Fast-Food restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Mexican-style restaurant services; Catering services. |
| 7576072 | | Class 043: Restaurant services; Restaurant carryout and delivery services; Fast-Food restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Mexican-style restaurant services; Catering services. |

30.     Abelardo's has continuously used its trademarks since at least January 1, 2020, including some trademarks that it has used since at least November 26, 2013. *See* **Ex. A**. Marks eligible for incontestability have been accepted as incontestable under Section 15 of the Lanham Act (15 U.S.C. § 1065), serving as conclusive evidence of Abelardo's exclusive right to use the mark. **Ex**. **B**. As such, Abelardo's has generated significant goodwill because consumers have come to associate the Abelardo's Marks exclusively with Abelardo's restaurants.

9

31.     In addition to its Abelardo's Marks, Abelardo's uses other branding and trade dress, all of which indicate to customers that Abelardo's Mexican Fresh is the source of the restaurant services and Mexican-style food. These branding elements include: a specific interior and exterior design and décor with consistent theming across locations, consistent color schemes across locations, restaurant presentation and signage style, a distinctive menu system (including board layouts), and food wrapping and packaging used in connection with its food and restaurant services (collectively, "Trade Dress").

32.     Abelardo's consistent use of its Abelardo's Marks and Trade Dress also extends to its social media presence, where Abelardo's has amassed nearly 160,000 followers between its Facebook, Instagram, and TikTok accounts. Through nearly daily posts on these accounts, Abelardo's consistently reaches its followers and customer base, further strengthening the association of the Abelardo's Marks and Trade Dress exclusively with Abelardo's restaurants.

33.     For example, Abelardo's distinctive exterior design and menu layout is shown below as reflected by its consumers on social media:

10



34.     For further example, Abelardo's distinctive food wrappers are displayed below in social media posts from both the restaurant and its consumers:





35. The Abelardo's Marks and Trade Dress had been used in commerce consistently and extensively for over seven years prior to Defendants' improper conduct.

## B. DEFENDANTS' RELATIONSHIP WITH ABELARDO'S AND BUSINESS HISTORY

36. The Defendants entered the picture in September 2021, when Jesus Flores began a franchisee relationship with Abelardo's. This Abelardo's franchise location was located at 1740 Broadway St., Cape Girardeau, MO 63701.

37. To operate the Abelardo's franchise location, on information and belief, Jesus Flores first formed the entity Los Flores Inc., as a Missouri business entity "to conduct any lawful business but not limited Mexican fast food restaurant," with a principal and business address listed

*at the same address* as the Abelardo's franchise location: 1740 Broadway St., Cape Girardeau, MO 63701-4552. "Jesus Jahir Flores" was identified as the registered agent of Los Flores Inc. **Ex. C**. On April 22, 2024, Los Flores Inc. was administratively dissolved by the Secretary of State.

38.     Jesus Flores, through Los Flores Inc., operated the Abelardo's franchise location in Cape Girardeau from September 2021 to February 2026.

*39*.    As a franchisee of Abelardo's, Jesus Flores had knowledge and access to the Abelardo's Marks, Trade Dress, supplier relationships, and customer-facing presentations.

40.     Specifically, in or about September 2021, Jesus Flores entered into a verbal agreement with Abelardo's to open an Abelardo's restaurant location in Cape Girardeau, Missouri, and the parties agreed upon a monthly franchise fee of $1,500 / month. As an Abelardo's franchisee, Jesus Flores had access to and utilized Abelardo's branding, logo, approved signage, menu designs, food wrappers, packaging, and other branding elements.

41.     The owner of Abelardo's, Abelardo ("Abel") Gonzalez, conducted regular inspections to make sure Abelardo's franchise locations were using branding and marketing materials correctly and according to the company's ordinary practice. His inspections of the Cape Girardeau location operated by Jesus Flores one year later reflected that Jesus Flores was using incorrect food packaging, and Gonzalez instructed Flores to use the company-approved packaging.

42.     During his franchise relationship with Abelardo's, Jesus Flores' franchise fee increased to $2,500 / month based on the amount of funding he borrowed from Abelardo's to operate the Cape Girardeau Abelardo's location.

43.     The franchise relationship between Jesus Flores and Abelardo's continued to become further strained as Jesus Flores began purchasing food from a different food supply vendor than the one he was required to use as an Abelardo's franchisee.

14

44.    To further memorialize the franchise relationship between the parties, Abelardo's prepared and provided a written franchise agreement to Jesus Flores, which he did not sign. However, he further acknowledged his franchise relationship with Abelardo's by agreeing to increase his base franchise fee to $3,500 / month.

45.    Flores continued paying his franchise fee of $3,500/month from 2024 to February 2026, until Abelardo's discovered that Defendants had opened up an Antonio's Mexican Fresh location, using similar branding to Abelardo's.

46.    Upon discovering that its franchisee was opening a competing restaurant using confusingly similar branding, as well as using the same vendors (food supply vendors, packaging vendors, etc.), Abelardo's ended the franchise relationship with Jesus Flores in February 2026. Unbeknownst to Abelardo's, however, Defendants had been taking far more steps than Abelardo's understood to enact their plan to unfairly compete by passing themselves off as Abelardo's.

47.    First, in September 2023, Los Flores Inc., registered the fictitious name "Antonio's Mexican Fresh" with the Missouri Secretary of State, with a business address of 1046 Old Route 66, St. Robert, MO 65584. Los Flores Inc. again lists its own address as the 1740 Broadway St., Cape Girardeau, MO 63701-4552, the location and address of its franchise location for Abelardo's. The signatory on this registration was "Jesus Flores."

48.    On December 20, 2023, Los Flores Inc. voluntarily canceled the State Registration of "Antonio's Mexican Fresh." **Ex. D**. This time, two individuals signed as owners. One signature belongs to "Jose Flores," while the other signature is not associated with a printed name.

49.    Also on December 20, 2023, Jesus Flores formed Familia Flores Inc. as a Missouri business entity for the lawful purpose of "Mexican fast food chain," with a principal business address of 1046 Old Route 66, St. Robert, MO 65584, and a registered agent address of 1714

15

Pemiscot St, Cape Girardeau, MO 63701. "Jose Jesus Flores" was identified as the registered agent of Familia Flores. **Ex. E**.

50.     Also on December 20, 2023, Familia Flores registered the fictitious name "Antonio's Mexican Fresh" with the Missouri Secretary of State, with a business address of 1046 Old Route 66, St. Robert, MO 65584. The signatory on this registration was "Jose Flores."

51.     On information and belief, Familia Flores opened its St. Robert, MO, Antonio's location in or about February 2024.

52.     On February 15, 2024, Familia Flores filed its 2023 Annual Registration Report with the MO Secretary of State. The Report, addressed to "Jose Jesus Flores," lists "Jose Jesus Flores Puga" as the President, Secretary, and an Officer of Familia Flores. The subsequent 2024 and 2025 Reports additionally list "Jesus Jahir Flores" as Vice President of Familia Flores. *See* **Ex. F**. Though the Reports accurately lists "Jose Jesus Flores Puga" at 1714 Pemiscot St, Cape Girardeau, MO 63701-4524, "Jesus Jahir Flores" is listed under the fake address of *1715 Permiscot* St, Cape Girardeau, MO 63701.

53.     On March 11, 2024, Jesus Flores, as "Jose Jesus Flores Puga," filed an application with the United States Patent and Trademark Office ("USPTO") to register the Antonio's logo (Serial No. 98444253) in connection with "Restaurant services featuring Mexican-style cuisine" in International Class 043, claiming a first use date at least as early as February 14, 2024. This date aligns with the approximate opening date of the Antonio's in St. Robert, MO. The application was ultimately abandoned after failing to respond to the first non-final action from the USPTO.

54.     The USPTO refused Jesus Flores' application for ANTONIO'S MEXICAN FRESH due to prior-existing registrations for ANTONIO'S for 'restaurant services' on the Principal Register. Despite actual notice of these prior third-party rights, Defendants continued to

16

use ANTONIO'S MEXICAN FRESH across all six Antonio's locations, further demonstrating their willful disregard for existing intellectual property rights and the deliberate nature of the infringing conduct alleged herein.

55.     On October 10, 2024, Jesus Flores created a second shell entity by forming Mendoza's as a Missouri limited liability company with a principal and business address of 219 N Florissant Rd, St. Louis, MO 63135-1949. This address is the same as the listed Antonio's location in Ferguson, MO. "Jose de Jesus Flores Puga" is identified as the registered agent for Mendoza's at the Ferguson address, with an identified residence of 1714 Pemiscot St, Cape Girardeau, MO 63701-4524. **Ex. G**.

56.     On October 21, 2024, Defendant Jesus Flores created yet another alter ego. Defendant AJR was formed as an Oklahoma limited liability company with a principal address of 4532 NW 46th St., Warr Acres, OK 73122. "Jose de Jesus Flores Puga" is the sole signatory on the Articles of Organization. **Ex. H**. "Jose de Jesus Flores Puga" is also the sole signatory on AJR's Annual Certificate, dated September 24, 2025. **Ex. I**.

57.     On information and belief, Defendant AJR opened its Antonio's location at 1301 S Meridian Ave, Oklahoma City, OK 73108-1707, around November 2024.

58.     On July 21, 2025, Defendant Jesus Flores created yet another alter ego. Defendant Juanitos was formed as a Missouri business entity for the lawful purpose of "Restaurant," with a principal and business address of 1807 Gravois Ave, St. Louis, MO 63104-2719. "Jose de Jesus Flores Puga" is identified as the registered agent for Juanitos at the St. Louis address, still with a residence of 1714 Pemiscot St, Cape Girardeau, MO 63701-4524. **Ex. J**.

59.     Also on July 21, 2025, Juanitos registered the fictitious name "Antonios Mexican Fresh," with the Missouri Secretary of State, with a business address of 1807 Gravois Ave, St.

17

Louis, MO 63104-2719. Defendant "Jose de Jesus Flores Puga" signed the State Registration as owner of Juanitos.

60.    On information and belief, Mendoza's opened its Ferguson, MO, Antonio's location around October 2025.

61.    On information and belief, Juanitos opened its St. Louis, MO, Antonio's location around November 2025.

62.    On February 4, 2026, Counsel for Abelardo's contacted Familia Flores, addressed to "Jose Jesus Flores," regarding the foregoing misconduct detailed above. The franchise relationship ended shortly thereafter, followed by Abelardo's closing the formerly franchised location at 1740 Broadway St., Cape Girardeau, MO 63701-4552.

63.    On July 7, 2026, despite being aware of the allegations against him and the likelihood of litigation, Jesus Flores created another alter ego. Defendant LFJO was formed as a Missouri business entity for the lawful purpose of "Restaurant," with an office address of 1714 Pemiscot St, Cape Girardeau, MO 63701-4524. "Jose Jesus Flores" is identified as the registered agent for LFJO. **Ex. K**.

64.    On July 8, 2026, LFJO registered the fictitious name "Antonio's Mexican Fresh" with the Missouri Secretary of State, with a business address of 1740 Broadway St., Cape Girardeau, MO 63701-4552. This is the same address as the recently closed Abelardo's franchise. The signatory on this registration was "Jose Jesus Flores."

65.    On July 28, 2026, Victor Manuel Carreon formed Defendant Carreon as a Missouri Business Entity for the lawful purpose of "Restaurant," with an office and business address of 308 W. Business Loop 70, Columbia, MO 65203-3249. **Ex. L**.

18

66. Also on July 28, 2026, Carreon registered the fictitious name "Antonio's Mexican Fresh" with the Missouri Secretary of State, with a business address of 308 W. Business Loop 70, Columbia, MO 65203-3249. The signatory on this registration was Victor Manuel Carreon. On information and belief, Jesus Flores was involved in the formation of the Carreon business entity and the subsequent registration of the Antonio's in Columbia, MO.

### C.    DEFENDANT'S BAD ACTS

67. On information and belief, Defendants created Antonio's in the image of Abelardo's, founded on the Flores family's intimate knowledge of and previous relationship with Abelardo's. Particularly, Defendant Jesus Flores used his knowledge and experience gained through his operation of Los Flores Inc. and applied them to the subsequent Defendant Entities Familia Flores, Mendoza's, AJR, Juanitos, LFJO, and Carreon. The resulting similarities with the Abelardo's Marks and branding, in totality, intentionally create a strong likelihood of confusion for consumers in an effort to unfairly compete and pass itself off as Abelardo's.

68. Defendants use branding and trade dress at their physical locations and on their websites that are very similar to those established and protected by Abelardo's, used in connection with the same goods and services that Abelardo's offers, and directed to the same classes of customers and same trade channels in the very same region Abelardo's serves. For example, Defendants largely adopted a nearly similar name and logo as Abelardo's:

| Defendants' logo | Abelardo's Marks |
|---|---|
|  | |



Trademark Reg. No. 4,575,192

Trademark Reg. No. 7,576,072

69.     Defendants' branding includes a depiction of a mustached man wearing a sombrero and holding a plate and three tacos. The sombrero features a triangle border pattern. The man also has a colorful sarape over his shoulder. Above the man is the word "Antonio's" in an arched, Brush Script font. Below the man is the phrase "Mexican Fresh" in a reverse arch. Together, this description is hereinafter termed the "Antonio's branding."

70.     Comparing the Antonio's logo to two of the Abelardo's Marks, the marks all employ the same color scheme. The Antonio's logos also feature a mustached man wearing a

20

sombrero and holding a plate and three tacos. The sombrero also features the triangle border pattern. The man is also wearing a colorful sarape. Above the man in the right-hand mark is the word "Abelardo's" in similar script font. Below the man in both marks is the phrase "Mexican Fresh."

71.     On information and belief, Defendants appropriated nearly every aspect of Abelardo's branding into their own branding to intentionally cause consumer confusion in the marketplace, imply an affiliation between Abelardo's and Antonio's, and cause harm to Abelardo's goodwill in an effort to capture Abelardo's customers.

72.     The similarities between Abelardo's and Defendants' restaurant branding and trade dress extend beyond isolated elements and reflect a copying of the overall composition and visual presentation of Abelardo's Mexican Fresh locations.

73.     For example, Defendants' restaurants adopt similar exterior and interior presentations, including comparable color schemes, signage styles, and menu board layouts, as shown below.

74.     Defendants' physical locations feature a color scheme similar to Abelardo's, consisting primarily of red and tan/off-white design elements with green and yellow accents.



| Antonio's Locations | Abelardo's Locations |
|---|---|
| Ferguson, MO | Ellisville, MO |



| St. Louis, MO | St. Peters, MO |

75.     Defendants' menu boards also feature the same red, green, and yellow scheme, a similar layout, and similar menu categories and item presentation:

| Antonio's Menu Boards | Abelardo's Menu Boards |
| --- | --- |



76.    Defendants have also adopted confusingly similar food wrappers, featuring their confusingly similar logo repeated across a white background:

23

| Antonio's Wrappers | Abelardo's Wrappers |
|---|---|
|  | |

77.     Likewise, Defendants elected to replicate Abelardo's menu offerings, using more than 100 matching menu-item names, including distinctive food items such as the "Spicy Diablo Burrito," "Iowa Burrito," and structured menu categories that mirror Abelardo's menu offerings.



| Antonio's Menu Items | Abelardo's Menu Items |
|---|---|

78.     Beyond the above examples, the Antonio's menu includes item names strategically changed to avoid verbatim copying, such as the Chile Verde (the Spanish translation of Abelardo's Green Chili) Plate, Chorizo & Egg (the English translation of Abelardo's Chorizo con Huevo) Torta, and multiple instances of writing a number in word form rather than standard form (e.g., Single Enchilada rather than Abelardo's 1 Enchilada).

79.     While some, if not all, of these branding elements may appear individually in the marketplace, Defendants have combined them in a manner that replicates Abelardo's overall commercial impression, largely passing itself off as Abelardo's, or passing itself off as otherwise being authorized or approved by Abelardo's.

80.     As a franchisee owner and operator, Defendant Jesus Flores was well aware of the Abelardo's Marks, Abelardo's trade dress and website, as well as Abelardo's suppliers and vendors, well before opening the first Antonio's location in February 2024, which overlapped with their time as franchisee owners and operators for Abelardo's.

25

81.     On information and belief, Defendant Jesus Flores personally selected the Antonio's branding and logo, approved the menu item names, directed the interior and exterior design of the Antonio's locations, and oversaw the social media presence for all Antonio's locations, including signing key formation documents and fictitious name registrations in furtherance of the infringing scheme.

82.     Abelardo's and Defendants are direct competitors as Mexican-style restaurants offering quick, inexpensive dining in Missouri and Oklahoma. As such, the parties target the same markets and customers. The overlap includes the same regions in St. Louis, Missouri, and the surrounding areas.

83.     On information and belief, Defendants' conduct was intentional. The timing of Defendant Entities' launch, the scope of duplication and mimicry, and Jesus Flores' prior access to Abelardo's promotional materials and systems demonstrate deliberate and intentional copying by Defendants to trade on Abelardo's goodwill for improper monetary gain.

84.     As a result of Defendants' actions, Abelardo's has suffered and continues to suffer damages including at least lost sales, reputational harm, and diversion of business.

## COUNT I: UNFAIR COMPETITION UNDER MISSOURI LAW BY ALL DEFENDANTS

85.     Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

86.     Defendants' conduct is likely to cause confusion, mistake, or deception among ordinary consumers regarding source, sponsorship, affiliation, or approval.

87.     Defendants have engaged in improper conduct that forms the basis of a Missouri unfair competition claim by, among other things, knowingly and improperly attempting to pass off

26

their Antonio's Mexican Fresh restaurants as affiliated with, authorized by, or originating from Abelardo's.

88.     Defendants attempted to pass off Antonio's Mexican Fresh as Abelardo's by, among other things, imitating Abelardo's Registered Trademarks and trade dress, including adopting a similar logo, duplicating unique names for dozens of Abelardo's menu items, using confusingly similar food wrappers for use with certain menu items, and incorporating interior and exterior décor confusingly similar to that used in Abelardo's restaurants for over twenty years.

89.     On information and belief, at least through Jesus Flores's former franchise relationship with Abelardo's as a franchisee, Defendants' acts are calculated, and likely, to cause confusion, mistake, and deception among consumers and prospective consumers regarding the affiliation and source of the products offered by Defendants and deprive consumers of information relevant to their purchasing decisions. Defendant Jesus Flores, as an owner of the Defendant Entities, directed and controlled the Defendant Entities to commit their acts of unfair competition.

90.     Defendants' passing off not only hinders fair business competition, but demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Abelardo's, to the substantial and irreparable injury of Abelardo's.

91.     Defendants' acts have and will continue to confuse and deceive consumers and cause irreparable injury to Abelardo's in an amount not as yet determined or ascertainable. Abelardo's has no adequate remedy at law.

92.     Abelardo's is entitled to injunctive relief, an accounting of Defendants' profits, actual damages, punitive damages, attorneys' fees and costs, and any and all other relief authorized by law.

## COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 BY ALL DEFENDANTS

93.     Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

94.     Abelardo's has registered six trademarks with the Trademark Office in connection with its Mexican-style food and restaurant services. **Ex. A**.

95.     Each of Abelardo's registered trademarks has been continually used in commerce at least as early as January 1, 2020, and some at least as early as November 26, 2013.

96.     Defendants, without authorization from Abelardo's, have adopted and continued to use a confusingly similar mark—the Antonio's logo—in connection with their own restaurant services, advertising, public posts, and through their websites. Defendants' use of the Antonio's logo is likely to and, on information and belief, has caused confusion as to the origin, source, sponsorship, or affiliation of Defendants' restaurant and food services.

97.     Defendants, through Jesus Flores' former franchise relationship with Abelardo's, committed their acts of infringement with full knowledge of Abelardo's prior rights in the Abelardo's Marks.

98.     Defendant Jesus Flores, as owner of the Defendant Entities, directed and controlled the Defendant Entities to commit their acts of infringement.

99.     On information and belief, Defendants knowingly and willfully acted with the intent to cause confusion and trade on Abelardo's goodwill in violation of 15 U.S.C. § 1114.

100.    Defendants' conduct has irreparably harmed Abelardo's. On information and belief, Defendants will continue to damage Abelardo's, confuse the public, and make profits and/or

28

gains to which they are not entitled in law or equity, unless enjoined by the court. Abelardo's has no adequate remedy at law.

101.    Abelardo's is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III: TRADEMARK INFRINGEMENT UNDER MISSOURI LAW BY ALL DEFENDANTS

102.    Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

103.    Abelardo's owns common law trademark rights in the Abelardo's Marks and has priority rights in and to the Abelardo's Marks in connection with restaurant services that date back to at least as early as January 1, 2020, and in some cases at least as early as November 26, 2013.

104.    Abelardo's, on its own and through its franchisees, has used its Abelardo's Marks continuously and consistently for an extended period of time to identify, advertise, promote, sell, and provide its food and restaurant services, which has indelibly impressed on the minds of the consuming public the impression that such marks identify Abelardo's as a source of food and restaurant services.

105.    Abelardo's, on its own and through its franchisees, has engaged with consumers and customers through years of regular content creation and virtual interaction across multiple social media platforms, further strengthening recognition of its Abelardo's Marks in the minds of the consuming public.

106. Abelardo's long-standing and consistent use of the Abelardo's Marks throughout at least its eighteen Missouri locations (and over fifty in total) has earned it valuable goodwill and secondary meaning in its Abelardo's Marks as identifying Abelardo's as the source of the food and restaurant services associated with the marks.

107. Defendants opened Antonio's restaurants in direct competition with Abelardo's.

108. Defendants' unauthorized use of their confusingly similar marks began at least four years after the last of the Abelardo's Marks were first used in commerce.

109. Defendants' unauthorized use of their confusingly similar marks began almost two decades after Abelardo's branding was first used in commerce.

110. Defendants' unlawful acts were willful, deliberate, and intended to confuse customers into believing they are supporting a restaurant affiliated with, sponsored by, or originating from Abelardo's.

111. Defendants' unauthorized use of marks confusingly similar to the Abelardo's Marks is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of Defendants' restaurant and food services. Consumers encountering Defendants' Antonio's Mexican Fresh locations are likely to believe, contrary to fact, that those restaurants are affiliated with, sponsored by, or approved by Abelardo's.

112. Defendants' exploitation of the goodwill and customer recognition developed by Abelardo's across its numerous locations was conducted in reckless disregard of Abelardo's rights.

113. On information and belief, as a result of Defendants' infringement, Abelardo's has suffered harm to at least its reputation, consumer base, and business relationships.

114. Defendants' conduct has caused and will continue to cause irreparable harm to Abelardo's, including lost sales, damage to reputation and goodwill, and diversion of business, for

which Abelardo's has no adequate remedy at law. Abelardo's is entitled to injunctive relief, an award of Defendants' profits, actual damages, punitive and exemplary damages, attorneys' fees, and costs to the extent permitted under Missouri law, together with prejudgment and post-judgment interest.

## COUNT IV: TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a) BY ALL DEFENDANTS

115.    Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

116.    Abelardo's Trade Dress includes the following elements, considered in their totality: (1) a primarily red and tan/off-white exterior color scheme with green and yellow accents; (2) consistent interior design and décor featuring the same color scheme, theming, and visual presentation across all locations; (3) menu boards featuring a red, green, and yellow color-blocked layout with a consistent structural organization of menu categories and items; (4) food wrappers featuring a repeating mascot logo on a white background; and (5) a distinctive mascot character depicting a mustached man in a sombrero holding a plate of tacos, used consistently across signage, packaging, and marketing materials (collectively, the "Trade Dress").

117.    Abelardo's Trade Dress is non-functional. No element of Abelardo's Trade Dress is essential to the use or purpose of a Mexican-style fast-food restaurant, and no element provides a utilitarian advantage that would place competitors at a disadvantage if Abelardo's were permitted to exclude others from using it. Numerous alternative designs, color schemes, and presentations are available to competitors in the Mexican-style fast-food restaurant market.

118.    Through over two decades of continuous and exclusive use across more than 50 locations in seven states, Abelardo's Trade Dress has acquired secondary meaning in the market.

Abelardo's has invested substantially in advertising and promotion, featuring the Trade Dress across its restaurant locations, website, and social media platforms. Through nearly daily social media engagement and nearly 160,000 combined followers across Facebook, Instagram, and TikTok, Abelardo's customers and the consuming public have come to associate the Trade Dress exclusively with Abelardo's as the source of its restaurant services.

119.    Defendants, without authorization from Abelardo's, have used in commerce trade dress that is confusingly similar to Abelardo's Trade Dress in connection with the same Mexican-style fast-food restaurants and food services that Abelardo's offers, in the same geographic markets, and directed to the same classes of consumers.

120.    Defendants have adopted the same primary color scheme, the same menu board layout and color blocking, the same food wrapper presentation, and a nearly identical mascot character across their Antonio's Mexican Fresh locations. Defendants have replicated these elements in combination in a manner that copies the overall commercial impression of Abelardo's Trade Dress.

121.    Defendants' use of confusingly similar trade dress is likely to cause, and on information and belief has caused, consumer confusion as to the origin, source, sponsorship, or affiliation of Defendants' restaurant and food services. Consumers encountering Defendants' Antonio's Mexican Fresh locations are likely to believe, contrary to fact, that Defendants' restaurants are affiliated with, sponsored by, or approved by Abelardo's.

122.    Defendants had actual knowledge of Abelardo's Trade Dress prior to opening any Antonio's Mexican Fresh location. As a former franchisee of Abelardo's, Defendant Jesus Flores operated an Abelardo's restaurant from 2021 to 2026 and had direct, sustained exposure to every element of Abelardo's Trade Dress during that period. Defendant Jesus Flores, as owner and

officer of the Defendant Entities, directed and controlled the Defendant Entities' adoption and use of trade dress confusingly similar to Abelardo's.

123.    On information and belief, Defendants' infringement of Abelardo's Trade Dress was willful and deliberate. The scope and precision of the copying, combined with Defendants' prior access to and intimate knowledge of Abelardo's Trade Dress as a former franchisee, demonstrate that Defendants intentionally adopted confusingly similar trade dress to trade on Abelardo's established goodwill and to divert Abelardo's customers to Defendants' competing restaurants.

124.    Defendants' conduct has caused and will continue to cause irreparable harm to Abelardo's, including lost sales, reputational damage, dilution of goodwill, and diversion of business, for which Abelardo's has no adequate remedy at law. On information and belief, Defendants will continue their infringing conduct unless enjoined by this Court.

125.    Abelardo's is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, and to an award of Defendants' profits, actual damages, enhanced damages, reasonable attorneys' fees, and costs of this action pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest.

## COUNT V: UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a) BY ALL DEFENDANTS

126.    Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

127.    Defendants' unauthorized use in commerce of the Antonio's branding, trade dress, menu items, etc. as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' restaurant and food services, and is likely to cause

33

consumers to believe, contrary to fact, that Defendants' restaurant and food are sold, authorized, endorsed, or sponsored by Abelardo's, or that Defendants are in some way affiliated with or sponsored by Abelardo's.

128. Defendants' use in commerce of the Antonio's marks, branding, and overall commercial presentation constitutes a false designation of origin and false or misleading representation of affiliation, connection, association, sponsorship, or approval under 15 U.S.C. § 1125(a)(1)(A).

129. Defendants' adopted marks and trade dress are confusingly similar to those established and protected by Abelardo's, despite Defendants' actual notice of the Abelardo's Marks and trade dress through at least Jesus Flores' former franchise relationship with Abelardo's.

130. On information and belief, Defendants' actions were willful and carried out with the intent to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Abelardo's.

131. Defendants' conduct as alleged herein constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

132. Defendants' conduct has proximately caused, and will continue to cause, Abelardo's commercial injury, including lost sales opportunities, reputational harm, diversion of business, and increased costs. Abelardo's has no adequate remedy at law.

133. Abelardo's is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

34

## COUNT VI: UNJUST ENRICHMENT BY JESUS FLORES

134.    Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

135.    In the alternative, and to the extent no enforceable agreement between the parties is found to govern the conduct alleged herein, Abelardo's pleads unjust enrichment as an alternative basis for recovery.

136.    Abelardo's conferred direct benefits on Jesus Flores and Los Flores Inc. during the franchise relationship, including knowledge and access to the Abelardo's Marks, trade dress, supplier relationships, and customer-facing presentations.

137.    Flores had knowledge of these benefits and voluntarily accepted and retained them.

138.    Flores used the direct benefits from Abelardo's to form Defendant Entities and open Antonio's restaurants in direct competition with Abelardo's.

139.    As a result of the wrongful conduct, Flores harmed Abelardo's by diverting its customers and business relationships.

140.    Flores was thereby enriched by appropriating the benefits of Abelardo's established goodwill.

141.    It would be unjust to allow Flores to retain the financial benefits received through his wrongful conduct without paying Abelardo's the value thereof.

142.    Abelardo's is entitled to restitution of the value of the benefits of the use of the knowledge, branding, goodwill, and systems belonging to Abelardo's for which Flores has been unjustly enriched.

## COUNT VII: ALTER EGO LIABILITY UNDER MISSOURI COMMON LAW AS TO JESUS FLORES

143.     Abelardo's incorporates and realleges the allegations set forth in the preceding paragraphs of this Complaint.

144.     Defendant Jesus Flores was the owner of the Los Flores Inc. entity during the franchisee relationship with Abelardo's.

145.     Defendant Jesus Flores owns, controls, and dominates Familia Flores. Defendant Jesus Flores is the incorporator, owner, and sole director of Familia Flores. On information and belief, Defendant Jesus Flores made all material decisions concerning Familia Flores's Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

146.     Defendant Jesus Flores owns, controls, and dominates Mendoza's. Defendant Jesus Flores is the organizer and owner of Mendoza's. On information and belief, Defendant Jesus Flores made all material decisions concerning Mendoza's Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

147.     Defendant Jesus Flores owns, controls, and dominates Juanitos. Defendant Jesus Flores is the incorporator, sole owner, and sole director of Juanitos. On information and belief, Defendant Jesus Flores made all material decisions concerning Juanitos' Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

148.     On information and belief, Defendant Jesus Flores is the organizer and owner of Defendant AJR. On further information and belief, Defendant Jesus Flores made all material

36

decisions concerning AJR's Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

149. Defendant Jesus Flores owns, controls, and dominates LFJO. Defendant Jesus Flores is the incorporator, sole owner, and sole director of LFJO. On information and belief, Defendant Jesus Flores made all material decisions concerning LFJO's Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

150. On information and belief, Defendant Jesus Flores exercises at least some degree of control over Carreon. On information and belief, Defendant Jesus Flores was involved in at least some material decisions concerning Carreon's Antonio's restaurant, including decisions regarding branding, signage, menus, trade dress, advertising, and use of marks and branding confusingly similar to Abelardo's.

151. On information and belief, Defendant Jesus Flores centralized his control over the Defendant Entities from his residence at 1714 Pemiscot St., Cape Girardeau, MO 63701-4524, including by making and directing material decisions concerning the use of Antonio's logos, branding, signage, menus, trade dress, advertising confusingly similar to Abelardo's.

152. At all relevant times, Defendant Jesus Flores, exercised control and complete domination over the respective Defendant Entities as owner, officer, director, and member, such that the Defendant Entities at no time had separate mind, will, or existence of their own.

153. Because Defendant Jesus Flores made all material business and legal decisions concerning the Antonio's restaurants and the conduct alleged herein, there was a unity of interest and ownership between Defendant Jesus Flores and the respective Defendant Entities such that the separate personalities of the Defendant Entities and their listed owners no longer existed in fact.

154. On information and belief, Defendant Jesus Flores operated the Antonio's restaurants through multiple commonly-controlled Defendant Entities as a single restaurant enterprise, including by centrally directing the branding, signage, menus, trade dress, advertising, social media, and use of marks confusingly similar to Abelardo's.

155. On information and belief, Defendant Jesus Flores used the Defendant Entities to obscure responsibility for the unlawful conduct, to shift operations and revenues among entities, and to avoid personal responsibility for obligations arising from the infringing and unfair use of Abelardo's marks, trade dress, branding, and goodwill.

156. Defendant Jesus Flores did not register both Mendoza's and AJR as doing business under the fictitious name Antonio's Mexican Fresh in their respective principal places of business. On information and belief, this failure to follow corporate formalities was done with the intent to obscure the unlawful conduct described above and avoid personal responsibilities arising therefrom.

157. Defendant Jesus Flores was positioned to commit such acts through the Defendant Entities as a result of the knowledge and access gained from his previous position as owner and organizer of Los Flores Inc. and as a former franchisee of Abelardo's.

158. Defendant Jesus Flores' use of the Defendant Entities proximately caused, and will continue to cause, Abelardo's commercial injury by enabling Defendants to continue operating the Antonio's restaurants with marks, trade dress, branding, signage, menus, and advertising confusingly similar to Abelardo's; by obscuring responsibility for that conduct; by shifting operations and revenues among the Defendant Entities; and by attempting to shield Defendant Jesus Flores from responsibility for Abelardo's resulting lost sales opportunities, reputational harm, diversion of business, and increased enforcement costs.

159.　Defendants Familia Flores, Mendoza's, AJR, Juanitos, LFJO, and Carreon were the alter egos and mere instrumentalities of Jesus Flores with respect to the conduct alleged in Counts I–V. Jesus Flores should therefore be held jointly and severally liable for the obligations and liabilities of those entities arising from the conduct alleged in Counts I–V.

## REQUEST FOR RELIEF

WHEREFORE, Abelardo's requests that this Court enter judgment in its favor on each claim for relief set forth above and grant to Abelardo's relief, including, but not limited to, the following:

A.　Find that (i) Defendants engaged in unfair competition under Missouri common law; (ii) Defendants committed trademark infringement under 15 U.S.C. § 1114; (iii) Defendants committed trademark infringement under Missouri common law; (iv) Defendants committed trade dress infringement under 15 U.S.C. § 1125(a); (v) Defendants engaged in unfair competition under 15 U.S.C. § 1125(a); (vi) Defendants have been unjustly enriched by their actions under Missouri common law; and (vii) Defendant Jesus Flores' actions warrant piercing the corporate veil to hold him individually liable, as an alter ego, for the conduct of the Defendant Entities.

B.　Preliminarily and permanently enjoin Defendants from (i) using any marks or trade dress infringing those of Abelardo's; and (ii) advertising, soliciting, or promoting Defendants' food and restaurant services in a manner confusingly similar to Abelardo's;

C.　Require Defendants to immediately modify their marks and trade dress such that they are readily distinguishable from Abelardo's.

D.　Order Defendants to file with this Court and serve on Abelardo's counsel within thirty (30) days after service of the injunction on Defendants, a report in writing under oath

39

setting forth in detail the manner and form in which Defendants have complied with the injunction.

E.      Award Abelardo's the Defendants' profits resulting from their unlawful acts in order to redress Defendants' unjust enrichment and to deter their infringement of the Abelardo's Marks and Trade Dress, pursuant to 15 U.S.C. § 1117(a)(1).

F.      Award Abelardo's damages in an amount adequate to compensate Abelardo's for Defendants' infringement of the Abelardo's Marks and the cost of this action, pursuant to 15 U.S.C. § 1117(a)(2)-(3);

G.      Award Abelardo's its reasonable attorneys' fees incurred in connection with this matter, pursuant to 15 U.S.C. §1117(a), as it is an exceptional case;

H.      Award Abelardo's enhanced damages of up to three times actual damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a);

I.      Order Defendants to deliver up for destruction pursuant to 15 U.S.C. § 1118 all packaging, labels, signs, prints, advertising or promotional material, and the like in the possession, custody, or under the control of Defendants bearing the confusingly similar marks;

J.      Award Abelardo's its damages, together with prejudgment interest, for the lost sales, loss of goodwill, and other damages suffered by Abelardo's as a result of the acts of trademark infringement and unfair competition by Defendants, pursuant to the laws of the State of Missouri;

K.      Find the Defendants jointly and severally liable; and

L.      Award Abelardo's such other and further relief as this Court deems proper.

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Abelardo's respectfully demands a trial by jury on all issues properly triable by a jury in this action.


Dated: August 10, 2026                    Respectfully submitted,

                                          By: */s/ Carrie A. Bader*
                                          Carrie A. Bader, 62233 (MO)
                                          Adam P. Seitz,
                                          **ERISE IP, P.A.**
                                          7015 College Blvd., Suite 700
                                          Overland Park, Kansas 66211
                                          Telephone: (913) 777-5600
                                          Facsimile: (913) 777-5601
                                          carrie.bader@eriseip.com
                                          adam.seitz@eriseip.com

41